# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 18-2933-JFW(FFMx)** | Date:  October 22, 2020 |
| Title: | Nehemiah Kong -v- Shamsi Shirazi-Fard, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR RECONSIDERATION OF THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT [filed 9/11/20; Docket No. 76]

On September 11, 2020, Plaintiff Nehemiah Kong ("Plaintiff") filed a Motion for Reconsideration of the Plaintiff's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment ("Motion for Reconsideration").  On September 17, 2020, Defendants Shamsi Shirazi-Fard ("Shirazi-Fard") and Michael Christoforakis ("Christoforakis") (collectively, "Defendants") filed their Opposition.  On October 2, 2020, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's October 19, 2020 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural History**

  **A.    Factual Background**

Plaintiff cannot walk and uses a wheelchair for mobility. He has a specially equipped van that allows him to enter and exit the van in his wheelchair.  Defendant Christoforakis owns Mike's Classic Burgers, which is located at 15738 Imperial Highway, La Mirada, California.  Defendant Shirazi-Fard owns the property on which Mike's Classic Burgers is located.

On March 24, 2018, Plaintiff attempted to visit Mike's Classic Burgers to get something to eat and to assess the restaurant for compliance with the access laws.  On the day of Plaintiff's

visit, Plaintiff parked in the parking lot of Mike's Classic Burgers, which contains two reserved parking stalls that were marked for individuals with disabilities. However, Plaintiff observed a built-up curb ramp that extended into the access aisle serving these reserved parking stalls that had a slope of 9.2% and flared sides with slopes in excess of 12%. In addition, the reserved parking stalls and the access aisle had slopes ranging from 2.8% to 3% gradient at various points outside of the built-up curb ramp itself. Plaintiff concluded that the steep slopes of the built-up curb ramp were dangerous and because of the built-up curb ramp and other slopes in the parking stall and access aisle, Plaintiff decided not to exit his van and enter the restaurant. Thus, Plaintiff's visit to Mike's Classic Burgers lasted for approximately 10 seconds, which was long enough for him to observe the built-up curb ramp and other slopes and take a photograph.

### B.     Procedural History

On April 9, 2018, Plaintiff filed a Complaint against Defendants. On July 24, 2018, Plaintiff filed a First Amended Complaint. On October 3, 2018, Plaintiff filed a Second Amended Complaint ("SAC"), alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 through 53. In his SAC, Plaintiff alleges twenty-one architectural features at Mike's Classic Burger that render the restaurant inaccessible for a disabled person.[1]

On February 4, 2019, Defendants filed a Motion (A) to Dismiss for Lack of Article III Standing or, Alternatively, (B) for Partial Summary Judgment and Request to Decline Supplemental Jurisdiction over State Claims ("Motion to Dismiss and for Summary Judgment"). On February 11, 2019, Plaintiff filed a Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment ("Motion for Summary Judgment"). On March 25, 2019, the Court entered an Order granting in part, denying in part, and deferring in part Defendants' Motion to Dismiss and for Summary Judgment and denying in part and deferring in part Plaintiff's Motion for Summary Judgement. In the March 25, 2019 Order, the Court deferred ruling on the issue of whether the north (or front) entrance of Mike's Classic Burgers must also be accessible until the parties provided the Court with additional briefing on this issue.

On April 17, 2019, after the parties submitted supplemental briefing, the Court entered an Order granting the deferred portion of Defendants' Motion to Dismiss and for Summary Judgment and denying the deferred portion of Plaintiff's Motion for Summary Judgment. In its April 17, 2019 Order, the Court concluded that although Plaintiff had generally identified accessibility issues with both the north (or front) and the west (or side) entrances of Mike's Classic Burgers in the SAC, Plaintiff did not specifically allege that both entrances were required to be accessible in order for Mike's Classic Burgers to comply with the ADA. As a result, the Court concluded that because it was undisputed that the west (or side) entrance had been made ADA compliant, Plaintiff was barred from pursuing a claim that Mike's Classic Burgers was still in violation of the ADA because the north (or front) entrance had not also been made ADA compliant. On April 22, 2019, the Court entered judgment in favor of Defendant.

---

[1] As the Ninth Circuit noted in its July 16, 2020 Amended Order, Defendants "remedied nearly every ADA-compliant feature identified in [Plaintiff's] complaint," except for "one: Mike's front entrance." Amended Order (Docket No. 71), p.2.

On April 24, 2019, Plaintiff filed a Notice of Appeal. In its July 16, 2020 Amended Order, the Ninth Circuit held that Plaintiffs' SAC had provided Defendants with fair notice that Plaintiff was alleging that both entrances of Mike's Classic Burger were required to be accessible in order for Mike's Classic Burger to comply with the ADA. The Ninth Circuit vacated the Court's order entering summary judgment in favor of Defendants and concluded that "[e]ven though Mike's was built before the passage of the ADA and was not altered until this lawsuit, Mike's must make both of its entrances accessible if it would be 'readily achievable' to do so." In addition, the Ninth Circuit concluded that "[b]ecause [Plaintiff's] federal ADA claim remains, we also vacate the district court's order declining to exercise supplemental jurisdiction over the parallel California Unruh Act claim." On August 7, 2020, the Ninth Circuit issued its Mandate.

## II.    Legal Standard

Pursuant to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18.

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007) ("Whether to grant a motion for reconsideration under Local Rule 7–18 is a matter within the court's discretion"). However, motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs or to ask the Court to rethink what it has already thought. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F.Supp. 2d 1112, 1116 (D.Ariz.1998) (*citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

## III.   Discussion

In his Motion for Reconsideration, Plaintiff seeks reconsideration pursuant to Local Rule 7-18 of two issues raised in the parties' previously filed cross-motions for summary judgment: (1) whether the north (or front) entrance of Defendants' restaurant violated the Americans with Disabilities Act ("ADA") and needs to be remediated; and (2) whether Plaintiff is entitled to $4,000 under the Unruh Civil Rights Act for "his personal encounter with the parking violation." Motion for Reconsideration, 1:10. In addition, "Plaintiff does not ask for – or believe that – any further briefing is necessary and . . . merely ask[s] the Court to reconsider its ruling." Joint Statement Re: Meet and Confer Over Plaintiff's Intention to Move the Court for Reconsideration of the Cross-Motions for Summary Judgment (Docket No. 75), 2: 13-14. In their Opposition, Defendants argue that Plaintiff's Motion for Reconsideration should be denied because Plaintiff raises issues that were never fully briefed.

In this case, the Court concludes that Plaintiff has failed to demonstrate that he is entitled to relief pursuant to Local Rule 7-18. Although Plaintiff argues that the issues regarding the

accessibility of the north (or front) entrance of Mike's Classic Burgers were briefed in the cross-motions for summary judgment, the Court concludes that not all of the issues related to the accessibility of the north (or front) entrance were adequately briefed in those motions. Specifically, the parties did not adequately brief the issue of whether ADA compliance is "readily achievable" at the north (or front) entrance. In fact, in opposing Plaintiff's Motion for Reconsideration, Defendants submitted a new declaration from their expert Craig Lobnow ("Lobnow") in support of their argument that the north (or front) entrance of Mike's Classic Burger "could not easily, if at all, be made accessible and not without eliminating the other entrance as an accessible entrance." Declaration of Craig Lobnow (Docket No. 78-1), ¶ 23. In his Reply to the Motion for Reconsideration, Plaintiff objects to Lobnow's new declaration on the grounds that the "readily achievable" defense has been waived and that the Court has not authorized the submission of additional evidence in support or in opposition to the parties' cross-motions for summary judgment. However, the issue of waiver is yet another issue that has not been adequately briefed by the parties. In addition, the fact that Plaintiff has objected to Lobnow's new declaration indicates that there are issues of fact that may preclude the Court from entering summary judgment in Plaintiff's favor with respect to the north (or front) entrance. Thus, Plaintiff's Motion for Reconsideration appears to be little more than Plaintiff's backdoor attempt to obtain a favorable ruling on his original motion for summary judgment based on an incomplete record.[2]

### IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

---

[2] In his Reply, Plaintiff states that "[i]f the Court feels that there is a triable issue regarding the front entrance, [Plaintiff] respectfully requests this Court grant the partial summary judgment on the Unruh claim, leaving the parties to work on the remaining ADA claim." The Court denies Plaintiff's request. The Court's general policy is to bifurcate the state and federal claims for trial, and if appropriate, decline to exercise supplemental jurisdiction over the state law claims.